**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ERIC JENNINGS,<br><br>            Plaintiff,<br><br>     v.<br><br>JOSEPH B. EDLOW, *Director U.S. Citizenship & Immigration Services*,[1] *et al.*,<br><br>            Defendants. | Case No. 25-cv-1629 (JMC) |

## <u>MEMORANDUM OPINION</u>

Eric Jennings brought this action to compel the United States Citizenship and Immigration Services to adjudicate a pending I-130 "Petition for Alien Relative" application. ECF 1 ¶ 1.[2] In November 2025, the Government filed a motion to either transfer the case to a different venue or dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). ECF 7. On December 1, 2025, the Court ordered Jennings to respond to that motion by December 22, 2025, or "risk transfer or dismissal of the case." ECF 8. To date—nearly three months later—Jennings has neither filed an opposition to Defendants' motion nor requested an extension of time to do so. Because Jennings failed to respond to Defendants' motion to transfer or dismiss, the Court **GRANTS** Defendants' motion as conceded and **TRANSFERS** the case to the District where Jennings resides—the District of Maryland.

---

[1] Director Edlow has been substituted for his predecessor in office. *See* Fed. R. Civ. P. 25(d).

[2] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

Local Civil Rule 7(b) requires an opposing party to file a memorandum of points and authorities in opposition to a motion within 14 days of the service of the motion, or "the Court may treat the motion as conceded." LCvR 7(b). Defendants moved to transfer or dismiss Jennings' complaint on November 25, 2025. The Court afforded Jennings until December 22, 2025, to respond to the motion. That deadline has come and gone with no word from Jennings.

Accordingly, the Court grants Defendants' motion to transfer as conceded. Because the Defendants' frontline request was transfer rather than dismissal, and because the Court finds that transfer is in the interests of justice, it will transfer the case rather than dismiss. *See* ECF 7-1 (Defendants' proposed order); *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002) (describing transfer, rather than dismissal, as "[g]enerally" in the "interest of justice" and therefore the appropriate path); *see also Steady v. U.S. Patent & Trademarks Off.*, No. 05-cv-1356, 2006 WL 2078424, at *1 (D.D.C. July 24, 2006) (deeming motion to transfer or dismiss conceded where plaintiff failed to respond). In taking that path, the Court notes again that it is transferring the case to the District where Jennings resides. *See* ECF 1 ¶ 8.

Accordingly, the Court will **GRANT** Defendants' motion to transfer, ECF 7, and transfer the case to the United States District Court for the District of Maryland. Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE** as moot. A separate order accompanies this memorandum opinion.

    **SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: March 16, 2026

2